W. H. McDowell, Appellee, v. Bowles, Billings & Kessler Grain Company et al., Appellants.

**CUSTOMS AND USAGES:** Application—Express Contracts—Repugnancy—Pleading. A general custom may not control or contradict the terms of an express and unambiguous contract, and an allegation of such custom in such a case is subject to a motion to strike.

PRINCIPLE APPLIED: Plaintiff, having bought a quantity of corn of a farmer, discovered that he had no room in his elevator, for the last four loads and, after negotiations with the defendant, the owner of a neighboring elevator, sold the defendant said four loads at the same price which he (plaintiff) was paying the farmer. The farmer, on plaintiff's direction, delivered the four loads to defendant, receiving his pay therefor from plaintiff. Defendant refused to pay plaintiff for the corn, pleading that there was a custom in said locality, in such circumstances, under which defendant was to pay the farmer direct.

*Held*, evidence of such custom being inadmissible, the pleading was properly stricken.

EVIDENCE:   Presumptions—Signatures to Written Instruments.
2   The signature to a nonnegotiable written instrument referred to in the pleadings is presumed genuine unless denied, under oath, by alleging lack of knowledge or information, especially where such instrument is only introduced incidentally and is not the foundation of the action.   (Sec. 3640, Code, 1897.)

EVIDENCE:   Relevancy, Materiality and Competency—History of
3   Transaction.   The natural incidents of a case—that which, within proper limits, constitutes a history of preliminary transactions leading up to and explaining the one on which the action is based—are always admissible.

   PRINCIPLE APPLIED:   Plaintiff bought corn of a farmer. When the last four loads were delivered, plaintiff was in a distant town and his agent discovered that he had no room for the four loads, the elevator being already full.   The agent called plaintiff over the phone, and they talked between themselves as to what should be done with said four loads.   Plaintiff told his agent to go to the defendant, the owner of another elevator, and sell the four loads to him.   This was done.   In an action by plaintiff to recover, *held* that the conversation between plaintiff and his agent over the phone was admissible as a part of the history of the transaction.

CONTINUANCE:   Amendment of Pleading—Surprise—Nondisputed
4   Fact.   Surprise and necessity for a continuance may not be predicated on an amendment pleading *quantum meruit* in an action for property sold, when the evidence of both parties, already in the record, was in harmonious accord as to the fair and reasonable value of the property.

SALES:   Purchase Price—Action—Defense.   In an action for the
5   purchase price of personal property sold, it is no defense that defendant, prior to the purchase of the property from plaintiff, had entered into a contract of purchase for the same property with a third party, who then owned the property and from whom plaintiff purchased it.

*Appeal from Franklin District Court.*—J. L. KAMRAR, Judge.

FRIDAY, APRIL 7, 1916.

REHEARING DENIED SATURDAY, SEPTEMBER 30, 1916.

Action at law by plaintiff to recover $164.78 upon contract for 226 bushels of corn at the agreed price of 73 cents per bushel, delivered by plaintiff, as he claims, to the defendants. Trial to a jury, and, at the conclusion of the evidence, the court directed a verdict for the plaintiff. Defendants appeal.—*Affirmed.*

*W. B. & S. D. Quarton,* for appellants.

*E. P. Andrews,* for appellee.

PRESTON, J.—Plaintiff and defendant are competitors in the grain business at Alexander, Iowa. Plaintiff alleges that, about September 3, 1914, he sold to the defendant firm the corn in question at the agreed price of 73 cents per bushel, and that, on said date, the corn was delivered to defendant, or its agent, at defendant's elevator at Alexander. The 226 bushels of corn in controversy are a part of 3,000 bushels of corn purchased by plaintiff from one Christ. Friesleben under the following contract:

"I hereby agree to buy of Chris Friesleben 3,000 bushels or over of white corn on this 31st day of August for 73¢ a bushel, and this corn is to be delivered inside of 10 days. I herewith give him $1.00 in cash to bind the bargain.

"W. H. McDowell,

"Christ. Friesleben."

The corn contracted for was all delivered to plaintiff's elevator except about four loads, and when Friesleben delivered the last four loads, the plaintiff's elevator was full, and he sent word by one of his men, John Blue, to defendant, stating the situation, that his elevators were full, and asking them if they would take the four loads of corn, being the corn in controversy, at 73 cents per bushel, and was informed by defendant's agent at Alexander, Chris Shulte, that they would. Whereupon, Friesleben delivered the corn to the

defendant's elevator at Alexander, and the defendants now refuse to pay plaintiff for the corn.

There is no dispute as to this, because Blue testified that he asked Shulte if he would take the four loads of corn and if he would allow the market price, and that he told him the market price was 73 cents. Shulte, the man in charge of defendant's elevator at Alexander, says that, when Mr. Blue came over and Blue told him that they were filled up and that they had four loads of corn there, and asked Shulte if they would take the last of Friesleben's corn, he asked if Shulte would pay market price for it, and Shulte said he would make it right with him. Shulte also testifies that he had a conversation with Friesleben's son in regard to the corn, after the Blue conversation, and when the corn was delivered.

Their defense is that they themselves had a contract with Friesleben for the same 3,000 bushels of corn and the corn in controversy. Plaintiff paid Friesleben for all the corn, including the four loads sold to defendant, but plaintiff has not been paid by anyone for the four loads of corn so delivered to the defendant.

1. The first error assigned is that the court erred in sustaining plaintiff's motion to strike from defendants' amendment to answer that portion relating to and pleading a custom. The allegation in the part so

1. Customs and Usages: application: express contracts: repugnancy: pleading.

stricken is that, at the time the four loads of corn were delivered to defendant, "and for a long time prior thereto, there was a general custom and usage prevailing among grain dealers and those engaged in operating grain elevators at and in the vicinity of Alexander, Iowa, and in the vicinity of Franklin County, Iowa, that, when one running and operating an elevator took corn or other grain at the instance and request of another grain buyer or elevator operator, so running and operating an elevator at the same station, the owner of the elevator so receiving the corn or grain at the other's request settled with and paid therefor directly to the

parties so delivering the said corn or grain, without consideration of, and without accounting to, the owner of the elevator or grain buyer who requested him to receive the corn or other grain." Defendants' contention is that, where there is a general custom, it enters into and forms a part of every contract. It may be conceded that this is true for some purposes. If a contract is ambiguous, custom is admissible to explain the meaning of the contract, or technical terms or words peculiar to some art, calling or occupation. 12 Cyc. 1081. But custom or usage which is repugnant to the terms of an express contract is not permitted to operate against it, and evidence of it is inadmissible. 12 Cyc. 1091. If evidence of the matters pleaded was not admissible in evidence, there was no impropriety in striking the pleading. Appellant says in argument that plaintiff's action was founded upon an express contract to recover for corn claimed to have been delivered by plaintiff, to defendant, and another part of the answer alleges:

"That on or about September 2, 1914, at the request of one John Blau (Blue), for and on behalf of the plaintiff, the defendant received of Chris Friesleben at their elevator at Alexander four loads of shelled corn."

There is no allegation that defendant purchased the corn of Chris Friesleben, but the allegation is that defendant received the corn for and on behalf of the plaintiff. Then follows the part of the amendment to the answer which was stricken out. Furthermore, there is no allegation in the amended answer that defendant took this corn from plaintiff under and according to the terms and provisions of said custom, and that thereby he purchased the corn of Friesleben instead of the plaintiff.

As before stated, the defendant has not paid either plaintiff or Friesleben for the four loads of corn delivered to it. Friesleben is not claiming the money for the four loads of corn, so far as anything appears in the record, and if he was, he would not be entitled to it. Plaintiff has paid Friesleben

for such corn.  Under these circumstances, we think the matter set up in the answer was not a defense to plaintiff's claim, and the motion to strike was properly sustained.

2.  The contract heretofore set out between plaintiff and Friesleben was marked Exhibit A and admitted in evidence over defendant's objection.  The objection in this court is that no foundation had been laid because the signatures thereto had not been shown to be genuine.  This action was not based upon that contract.  It is doubtful whether defendant's objection was sufficiently specific.  The objection was that it was incompetent, irrelevant, immaterial, and the proper foundation had not been laid.  But, however this may be, the plaintiff testified that it was the contract made and entered into between himself and Friesleben, the parties whose names were signed to the writing.  Even had plaintiff's cause of action been founded upon this contract, the signatures would have been deemed genuine under the statute (Section 3640, Code, 1897), unless denied by a proper pleading.  This contract was introduced in evidence incidentally, and does not form a part of the cause of action.  In fact, we do not see that it was necessary that plaintiff should have offered it at all.

2. EVIDENCE: presumptions: signatures to written instruments.

We think there was no error in the ruling, but, if there was, we are unable to see that there was any prejudice, because the undisputed evidence is that the corn was delivered to plaintiff by Friesleben, and that he got it, all except the four loads.

3.  The third, fourth and fifth assignments of error are argued together.  These relate to the action of the trial court in overruling defendant's objections to the testimony of the plaintiff, McDowell, as a witness, and in overruling defendant's objections to the testimony of witness Peters, and in failing to strike out the testimony of these two witnesses.

3. EVIDENCE: relevancy, materiality and competency: history of transaction.

When the last four loads of corn were delivered, plaintiff, McDowell, was in Hampton, at the deathbed of his sister, and

Peters was in his employ at Alexander. Peters telephoned McDowell the situation at Alexander, and that the elevator was full, and asked for instructions, which were given by McDowell. He instructed him to go over and see Shulte, to see if he would take this corn from McDowell. At that time, Mr. Blue came in the office, and Peters asked him to go over and see Shulte, the manager of defendants' elevator. No question is made as to the authority of Blue to make the contract with defendants' manager, Shulte. It is said by appellant that defendants are not bound by any secret conversation between Blue and Shulte. This may be conceded. The conversation between plaintiff and Peters was simply a part of the history of the transaction. The contract relied upon by plaintiff was the conversation and transaction between Blue, as agent for plaintiff, and Shulte, as manager and agent for the defendants. There was no error at this point.

4. The next assignment of error relates to overruling defendants' motion to strike plaintiff's amendment to petition pleading *quantum meruit*, and in refusing to grant a continuance to defendants because of the filing of such amendment. The original petition was upon an express contract. The amendment was filed before defendant had submitted any evidence. The rule is to allow amendments. Defendants asked for a continuance in order to meet the proof in regard to the market value of the corn. There are two answers to appellants' objection at this point: First, the uncontradicted evidence is that the market value of the corn was precisely the same as the contract price, to wit, 73 cents per bushel, and defendants' manager, Shulte, who was there buying corn that day and in charge of defendants' elevator, testified, as did plaintiff's witnesses, that he knew what the price of corn was that day, and that he was paying 73 cents.

4. CONTINUANCE: amendment of pleading: surprise: nondisputed fact.

5. Defendants claim that they had made a contract with Friesleben for the same corn some 30 days before the corn

was sold by Friesleben to plaintiff, and defendants sought to show by their agent, Shulte, that they bought the corn of Friesleben before it was sold to plaintiff. Shulte so testified, but on motion of plaintiff, his evidence on that point was stricken from the record. It is not claimed by appellants in argument that there was any contract between defendants, or their agent, Shulte, and Friesleben at the time of the conversation with Friesleben's son when the corn was delivered, but, if there was, this conversation was after the contract for the four loads of corn had been made between Shulte and Blue, acting for plaintiff.

*5. SALES: purchase price: action: defense.*

It seems to us that the question as to the alleged contract between defendants and Friesleben is a matter between them. If defendants had bought the corn of Friesleben and suffered any damages by reason of his failure to deliver it, defendants would, of course, have their redress against Friesleben, but not against plaintiff, who bought all the corn and has paid for all of it. If, as the evidence shows, the market value of the corn was the same as the contract price, and defendants have not paid anyone for the corn, we are unable to see how it can make any difference to defendants whether they should pay to plaintiff or Friesleben, and, as already shown, Friesleben is not entitled to it.

6. The other assignments of error are that the court erred in overruling defendants' motion for a directed verdict and in sustaining plaintiff's motion. We deem it unnecessary to discuss the evidence further. Enough has been said to show that there was a contract between plaintiff and defendants for the 226 bushels of corn at the agreed price of 73 cents per bushel; that such was the market price; that the corn was delivered; and that defendants have not performed their contract by paying plaintiff therefor.

There is no error, and the judgment is—*Affirmed.*

Deemer, Ladd and Weaver, JJ., concur.